IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00722-BNB

THOMAS ABDUL FIELDS,

    Applicant,

v.

C. DANIELS,

    Respondent.

## ORDER OF DISMISSAL

Applicant, Thomas Abdul Fields, is in the custody of the Federal Bureau of Prisons and is incarcerated at the United States Penitentiary in Florence, Colorado. He has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. On March 20, 2013, Magistrate Judge Boyd N. Boland ordered Mr. Fields to respond and show cause why the application should not be denied because he has an adequate and effective remedy pursuant to 28 U.S.C. § 2255 in the sentencing court. After obtaining two extensions of time, Mr. Fields filed an "Initial Motion to Show Cause" (response to the show cause order) on June 10, 2013.

The Court must construe the application liberally because Mr. Fields is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the § 2241 Application and dismiss this action.

Mr. Fields was convicted in the United States District Court for the District of

Columbia of 40 criminal offenses based on a federal Indictment that charged him with narcotics conspiracy (Count 1); continuing criminal enterprise (Count 2); RICO conspiracy (Count 3); assaults with a dangerous weapon (Counts 4 and 5); assaults with intent to kill; kidnaping and attempted murder in aid of racketeering activity (Counts 6-11, 19-31); the kidnaping, gang rape, and attempted murder of a young woman (Counts 12-18); firearms offenses in connection with that rape (Counts 37-38, and 49-53); the attempted murder of an unknown individual in January 1997 (Counts 32, 33); related firearms offenses (Counts 34-36, 39-44, 45-48, and 54-61); and money laundering (Counts 62-64). *See United States v. Fields* (*Fields I*), 242 F.3d 393, 395 (D.C. Cir. 2001). Mr. Fields was sentenced to a prison term of life plus 120 years with the United States Bureau of Prisons. *Id.* The Circuit Court of Appeals for the District of Columbia affirmed the convictions but vacated Applicant's sentences pursuant to *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and remanded to the district court for resentencing. *Id.* at 399.

On November 27, 2001, the district court resentenced Applicant to life plus 105 years. The Circuit Court of Appeals for the District of Columbia upheld the sentences on appeal. *See United States v. Fields* (*Fields II*), 325 F.3d 286 (10th Cir. 2003).

The Court's PACER docketing system reflects that Mr. Fields filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by Person in Federal Custody in United States District Court for the District of Columbia Case No. 98-cr-00071-TPJ-1 on October 15, 2004. The § 2255 Motion was denied on January 18, 2006. The District of Columbia Court of Appeals referred the determination of whether a certificate of appealability was warranted to the district court. The district court

thereafter denied Applicant a certificate of appealability on March 8, 2006.

Mr. Fields states in his § 2241 Application that he filed a request to file a second/successive § 2255 motion in the District Court for the District of Columbia, which was denied on September 12, 2012. [Doc. # 1, at 4-5].

Mr. Fields asserts the following claims in his § 2241 Application filed in this Court: (1) that he is actually innocent of the crimes of which he was convicted; (2) that his due process rights under *Brady v. Maryland*, 373 U.S. 83 (1963), were violated; and, (3) prosecutorial misconduct. For relief, he requests that this Court order a new trial.

The purposes of an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion pursuant to 28 U.S.C. § 2255 are distinct and well established. "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). "A 28 U.S.C. § 2255 petition attacks the legality of detention . . . and must be filed in the district that imposed the sentence." *Id*. (citation omitted). "The purpose of section 2255 is to provide a method of determining the validity of a judgment by the court which imposed the sentence, rather than by the court in the district where the prisoner is confined." *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965) (per curiam). A habeas corpus application pursuant to 28 U.S.C. § 2241 "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255." *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam). "The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28

U.S.C. § 2255." *Johnson*, 347 F.2d at 366.

The remedy available pursuant to § 2255 is inadequate or ineffective only in "extremely limited circumstances." *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999); *see also Brace v. U.S.*, 634 F.3d 1167, 1169 (10th Cir. 2011) ("§ 2255 will rarely be an inadequate or ineffective remedy to challenge a conviction."). Mr. Fields bears the burden of establishing that the remedy in § 2255 is inadequate or ineffective. *Prost v. Anderson*, 636 F.3d 578, 584 (10th Cir. 2011) (citing *Miller v. Marr*, 141 F.3d 976, 977 (10th Cir. 1998)).

Mr. Fields fails to demonstrate that the remedy available to him pursuant to § 2255 is inadequate or ineffective. That he has sought and been denied relief pursuant to § 2255 does not mean the remedy provided in § 2255 is inadequate or ineffective. *See Williams*, 323 F.2d at 673. Mr. Fields asserts in his Reply that the District Court for the District of Columbia improperly dismissed his § 2255 motion as time-barred, without considering his claim that newly discovered facts supported his actual innocence. [Doc. # 16, at 1-2]. However, the remedy under § 2255 is not inadequate or ineffective merely because the district court, perhaps incorrectly, dismissed a § 2255 motion as time-barred. *See Sines v. Wilner,* 609 F.3d 1070, 1073-74 (10th Cir. 2010). Furthermore, a claim of actual innocence does not demonstrate that the remedy under § 2255 is inadequate or ineffective. *See Twitty v. Daniels*, No. 10-1198, 412 F. App'x 110, 112 (10th Cir. Jan. 12, 2011) (unpublished); *see also Abernathy v. Wandes*, 713 F.3d 538, 548 n.8 (10th Cir. 2013) (noting that court would not reach the merits of petitioner's actual innocence claim based on threshold determination that petitioner could not proceed under § 2241 because he failed to show that his remedy under § 2255 was inadequate or ineffective). In any event, Mr. Fields has not made a

colorable showing of factual innocence. And, the fact that Mr. Fields likely is barred from raising his claims in a second or successive motion pursuant to § 2255, by itself, also does not demonstrate that the remedy provided in § 2255 is inadequate or ineffective. See *Caravalho*, 177 F.3d at 1179.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. See *Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Fields files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed because Mr. Fields fails to demonstrate that the remedy available to him in the United States District Court for the District of Columbia is ineffective or inadequate to test the legality of his detention. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. Mr. Fields may file a motion in the Tenth Circuit.

DATED at Denver, Colorado, this   12th   day of    June        , 2013.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge  
United States District Court